UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

STEPHANIE THOMPSON, ON
BEHALF OF HERSELF AND
THOSE SIMILARLY SITUATED,

        CASE NO.:

    Plaintiff,

vs.

AMERICAN HEALTH
ASSOCIATES, INC., A FOREIGN
CORPORATION,

    Defendant.
_____/

COLLECTIVE ACTION COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, STEPHANIE THOMPSON, on behalf of herself and those similarly situated, sues the Defendant, AMERICAN HEALTH ASSOCIATES, INC., a Foreign Corporation (hereinafter "AHA"), and alleges:

1. AHA employs and has employed hundreds of individuals, including Plaintiff, as phlebotomists who service and support AHA's clients throughout the southeastern United States. *See* www.americanhealthassociates.com/about/ (describing AHA's services and use of phlebotomists for its business). These employees are misclassified as exempt and get paid no overtime compensation for the long hours they work on behalf of AHA. Each of these similarly situated employees are paid some combination of on call pay, route pay, mileage pay, and other piece rate or flat rate compensation for their work performed by them. These similarly situated employees work overtime on behalf of AHA performing phlebotomist duties but get

zero overtime compensation based on AHA's misclassification of them. As a result of this pay practice, these misclassified employees are entitled to overtime compensation for the overtime hours worked by them for years.

2. Plaintiff is an employee of Defendant and brings this action for unpaid overtime compensation, liquidated damages, declaratory relief, and other relief under the Fair Labor Standards Act, as amended, 29 U.S.C. § 216(b) ("FLSA").

## GENERAL ALLEGATIONS

3. Plaintiff, STEPHANIE THOMPSON, has worked for Defendant since March 2015, and is based out of the Nashville area.

4. Defendant, AMERICAN HEALTH ASSOCIATES, INC., is a Florida Corporation that operates and conducts business throughout the southeastern United States, including in the greater Nashville area and is within the jurisdiction of this Court.

5. AHA operates an office in Nashville, Tennessee.

6. This action is brought under the FLSA to recover from Defendant overtime compensation, liquidated damages, and reasonable attorneys' fees and costs. This action is intended to include each and every phlebotomist who is employed or was employed within the last three (3) years by AHA.

7. This Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1331 and the FLSA and the authority to grant declaratory relief under the FLSA pursuant to 28 U.S.C. §2201 et seq.

8. During Plaintiff's employment with Defendant, Defendant earned more

than $500,000.00 per year in gross sales.

9. During Plaintiff's employment with Defendant, Defendant employed two or more employees which handled goods, materials and supplies which had travelled in interstate commerce.

10. Included in such goods, materials and supplies were computers, telephones, servers, vehicles, office equipment and furniture, as well as numerous other goods, materials and supplies which had been carried in interstate commerce.

11. Therefore, Defendant is an enterprise covered by the FLSA, and as defined by 29 U.S.C. §203(r) and 203(s).

## FLSA VIOLATIONS

12. At all times relevant to this action, AHA failed to comply with the FLSA by misclassifying Plaintiff and the other phlebotomists as exempt and by failing to pay overtime compensation to Plaintiffs and the other technicians for overtime hours worked.

13. During their employment with AHA, Plaintiff and other phlebotomists routinely worked numerous overtime hours within most workweeks.

14. Plaintiffs and other technicians receive a combination of on call pay, route pay, mileage pay, and other piece rate or flat rate compensation as their regular compensation for their work performed.

15. Pursuant to the FLSA, employees who are paid on a piece rate or flat rate compensation system are entitled to overtime compensation. *See* 29 C.F.R. §§ 778.111 and 778.112.

16. However, even though Plaintiff and other phlebotomists work overtime hours, AHA does not pay these employees any additional overtime premium for overtime hours worked.

17. Plaintiff and other phlebotomists' job duties primarily included travelling to AHA's clients to retrieve blood samples or other samples to transfer the same to a testing facility or other destination.

18. Such work is non-exempt work and Plaintiff and the other phlebotomists should have been classified as non-exempt employees.

19. AHA has violated the FLSA by not paying complete time and one-half overtime compensation to its phlebotomists for the overtime hours worked by them.

20. Upon information and belief, the records, to the extent any exist and are accurate, concerning the amounts paid to Plaintiff and the other phlebotomists are in the possession and custody of Defendant.

21. However, AHA failed to keep appropriate records under the FLSA related to the total number of hours worked by Plaintiffs and its other phlebotomists in violation of 29 C.F.R. § 516.20.

## COUNT I - RECOVERY OF OVERTIME COMPENSATION

22. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-21 above.

23. Plaintiff and the other phlebotomists are/were entitled to be paid overtime compensation for their overtime hours worked.

24. During their employment with AHA, Plaintiff and the other

phlebotomists were misclassified as exempt and were not paid any overtime compensation for overtime hours worked by them for AHA. *See* ¶¶ 12-19.

25. AHA did not have a good faith basis for its decision to classify Plaintiff and other phlebotomists as exempt under the FLSA.

26. As a result of AHA's intentional, willful and unlawful acts in refusing to pay Plaintiff and the other phlebotomists overtime compensation, Plaintiff and the other phlebotomists have suffered damages plus incurring reasonable attorneys' fees and costs.

27. As a result of AHA's willful or reckless violation of the FLSA, Plaintiff and the other phlebotomists are entitled to liquidated damages.

28. Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff, STEPHANIE THOMPSON, on behalf of herself and those similarly situated, demands judgment against AHA for unpaid overtime compensation, liquidated damages, prejudgment interest to the extent allowed by law, reasonable attorneys' fees and costs incurred in this action, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

Dated this 19th day of January, 2017.

/s/ **BRIAN C. WINFREY**
Brian C. Winfrey, Esq.
TN BPR 025766
Morgan & Morgan, P.A.
2002 Richard Jones Rd., Suite B-200
Nashville, TN 37215
Telephone: (615) 601-1276
E-mail: bwinfrey@forthepeople.com
***Attorneys for Plaintiff(s)***

**/s/ C. RYAN MORGAN**
C. Ryan Morgan, Esq. (*pro hac vice* forthcoming)
Florida Bar No. 0015527
Morgan & Morgan, P.A.
20 N. Orange Ave., 14th Floor
P.O. Box 4979
Orlando, FL 32802-4979
Telephone: (407) 420-1414
Email: RMorgan@forthepeople.com
***Attorneys for Plaintiff(s)***